AO 102 (01/09)  Application for a Tracking Warrant

# UNITED STATES DISTRICT COURT
for the
Western District of Washington

| | |
|---|---|
| In the Matter of the Tracking of<br>*(Identify the person to be tracked or describe*<br>*the object or property to be used for tracking)*<br>A grey 2010 Honda Accord, Vehicle Identification Number 5KBCP3675AB801056, bearing Sonora, Mexico plate number VUW-622-B, as further described in Attachment A. | ) ) ) ) ) ) )  Case No.  MJ23-036 |

## APPLICATION FOR A TRACKING WARRANT

I, a federal law enforcement officer or attorney for the government, have reason to believe that the person, property, or object described above has been and likely will continue to be involved in one or more violations of   21   U.S.C§§ 841(a)(1), 846 . Therefore, in furtherance of a criminal investigation, I request authority to install and use a tracking device or use the tracking capabilities of the property or object described above to determine location.  The application is based on the facts set forth on the attached sheet.

☑ The person, property, or object is located in this district.
☐ The person, property, or object is not now located in this district, but will be at the time of execution.
☐ The activity in this district relates to domestic or international terrorism.
☐ Other:

The tracking will likely reveal these bases for the warrant under Fed. R. Crim. P. 41(c): *(check one or more)*
☑ evidence of a crime;
☑ property designed for use, intended for use, or used in committing a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☐ a person to be arrested or a person who is unlawfully restrained.

☑ I further request, for purposes of installing, maintaining or removing the tracking device, authority to enter the following vehicle or private property, or both:
 See Attachment  A

☑ Delayed notice of ____ days (give exact ending date if more than 30 days:  05/23/2023  ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Pursuant to Fed. R. Crim. P. 4.1, this warrant is presented:  ☑ by reliable electronic means  ☐ telephonically recorded.

**DAVID CHIRDON**  Digitally signed by DAVID CHIRDON
Date: 2023.01.23 18:16:25 -08'00'

*Applicant's signature*

David Chirdon, DEA Special Agent
*Applicant's printed name and title*

○ The foregoing affidavit was sworn to before me and signed in my presence, or
● The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit by telephone.

*[signature: S. Kate Vaughan]*
*Judge's signature*

Date:  01/23/2023

City and state:  Seattle, Washington

S. Kate Vaughan, U.S. Magistrate Judge
*Printed name and title*

USAO#  2022R00849

**AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR VEHICLE TRACKING WARRANT**

STATE OF WASHINGTON  )
                     )  ss
COUNTY OF PIERCE     )

I, David Chirdon, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION**

1. I make this affidavit in support of an application to obtain a tracking warrant for one target vehicle used by JESUS DANIEL ZAVALA JR and/or MARIA LORETO ROMERO QUEZEDA in furtherance of an investigation into the El Pariente Drug Trafficking Organization (DTO) (the Target Vehicle):

 a. **Target Vehicle 8 (TV8)**: A grey 2010 Honda Accord, Vehicle Identification Number 5KBCP3675AB801056, bearing Sonora, Mexico plate number VUW-622-B, registration information unknown, as described in Attachment A.

2. Based on the facts set forth in this Affidavit, there is probable cause to believe that violations of Title 21, United States Code, Sections 841(a)(1) and 846 (distribution of controlled substances and conspiracy to distribute controlled substances) have been committed, are being committed, and will be committed by ZAVALA JR and/or ROMERO QUEZEDA, members and associates of the "El Pariente" DTO, and others known and unknown. There is also probable cause to believe that ZAVALA JR and/or ROMERO QUEZEDA and others are using the Target Vehicle in furtherance of these crimes and that their whereabouts over time will constitute evidence of those criminal violations. Obtaining the information sought in this affidavit will likely lead to the collection of further evidence of these offenses, including the identification of other individuals who are engaged in the commission of these offenses.

//

Affidavit of Special Agent David Chirdon
USAO # 2022R00849 (Target Vehicle 7)

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

3. I am a Special Agent (SA) with the Drug Enforcement Administration (DEA), employed in that capacity since June 2022, and currently assigned to the DEA Tacoma Resident Office in the Seattle Field Division. I am a criminal investigator of the United States within the definition of 18 U.S.C. § 2510(7), and am empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 21 and Title 18 United States Code. My training and experience include, but are not limited to, a 17-week course at the DEA academy in Quantico, Virginia. At the DEA academy, I was trained in all aspects of conducting narcotics investigations to include debriefing defendants, witnesses, and informants, conducting surveillance, executing search warrants, conducting controlled deliveries, utilizing law enforcement, open source, and social media databases, and seizing narcotics and narcotics-related assets. Prior to my employment with DEA, I served four years on active duty in the United States Navy and three years in the United States Army National Guard.

4. During the course of my law enforcement career, I have become familiar with investigations of numerous criminal offenses, including the offenses involved in the current investigation. I have participated in criminal investigations of illicit drug trafficking organizations, ranging from street-level dealers to major dealers, including drug trafficking organizations linked to Mexico-based organizations. These investigations have also included the unlawful importation, possession with intent to distribute, and distribution of controlled substances; the related laundering of monetary instruments; the conducting of monetary transactions involving the proceeds of specified unlawful activities; and conspiracies associated with criminal narcotics offenses. These investigations have included use of the following investigative techniques: confidential informants; undercover agents; analysis of pen register and toll records; physical and electronic surveillance; wiretaps; and the execution of search warrants. I have also interviewed defendants at the time of their arrests and have debriefed, spoken with, or interviewed numerous drug dealers or confidential sources (informants) at proffer

Affidavit of Special Agent David Chirdon
USAO # 2022R00849 (Target Vehicle 7)

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

interviews who were experienced in speaking in coded conversations over the telephone. I have gained knowledge regarding the various methods, techniques, codes, and/or jargon used by drug traffickers in the course of their criminal activities, including their use of cellular telephones and other electronic devices to facilitate communications while avoiding law enforcement scrutiny.

5. The facts set forth in this affidavit are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement personnel; review of documents and records related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; and information gained through my training and experience. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the Application for a search warrant and pen register/trap and trace device, it does not set forth each and every fact that I or others have learned during the course of this investigation.

## SOURCES OF INFORMATION

6. I obtained the facts set forth in this affidavit through personal participation in the investigation, from oral and written reports of other law enforcement officers, from records, documents and other evidence obtained during this investigation, and from confidential sources and sources of information who are associated with, and knowledgeable about, the subjects of this investigation and their confederates. I have obtained and read official reports prepared by various law enforcement officers participating in this investigation and in the other related investigations by agencies referenced in this affidavit.

7. When this affidavit refers to vehicle ownership, either I or other agents[1]

---

[1] When I use the term "agents" or "investigators" throughout the affidavit, I am referring to law enforcement personnel, including, but not limited to DEA and HSI agents and task force officers (TFOs), as well as personnel associated with other state and federal law enforcement agencies.

Affidavit of Special Agent David Chirdon
USAO # 2022R00849 (Target Vehicle 7)

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

involved in the investigation reviewed the relevant state vehicle records from the Washington State Department of Licensing (DOL), or the equivalent agency in other states. Similarly, when this affidavit refers to identification documents, either I or other agents involved in the investigation reviewed the relevant driver's license or similar records maintained by DOL, or the equivalent agencies in other states. When this affidavit refers to the criminal history of a subject, either I or other agents involved in the investigation reviewed the available criminal history from state or federal agencies. When this affidavit refers to telephone subscription records, either I or other agents involved in the investigation reviewed the subscriber records obtained from the telephone company by administrative subpoena or court order, or I obtained the information from other law enforcement officers familiar with this investigation. When this affidavit refers to telephone toll records, either myself, or other agents involved in the investigation received information from the telephone company pursuant to an administrative subpoena or court authorized pen registers. When this affidavit refers to beliefs or conclusions of investigators, these beliefs and conclusions are based on the collective training and experience of the agents involved in this investigation.

## **CONFIDENTIAL SOURCES**

8. Confidential Source 1 (CS-1) is a DEA confidential source that has been providing information to DEA investigators for approximately five years. More specifically, CS-1 has provided reliable information which has resulted in arrests and seizures of narcotics, including methamphetamine, fentanyl and heroin. This information has benefited multiple law enforcement organizations to include agencies at the federal and state level. The information provided by CS-1 has been corroborated and considered reliable. CS-1 is providing information for monetary compensation and immigration benefits. CS-1 has a criminal history that includes one felony arrest related to drug trafficking in 2002. To my knowledge, CS-1 has not provided any false information to investigators in the capacity as a confidential source.

Affidavit of Special Agent David Chirdon
USAO # 2022R00849 (Target Vehicle 7)

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

9. Confidential Source 3 (CS-3) has been providing information and assistance to the DEA since 2015. CS-3 has a criminal history consisting of one felony burglary conviction from 2012, and two felony drug trafficking arrests, where no charges were filed. CS-3 is currently providing information and assistance to the DEA in exchange for monetary compensation and immigration benefits. Since 2015, CS-3 has provided reliable information and assistance to the DEA in numerous drug trafficking investigations. CS-3 has conducted more than 20 controlled drug purchases and provided information that was proven reliable and led to the arrest and convictions of numerous drug traffickers. CS-3 is familiar with the appearance of methamphetamine, cocaine, and heroin, and the way they are packaged, transported, and sold. Investigations that CS-3 has participated in have resulted in seizures of hundreds of pounds of methamphetamine, thousands of fentanyl pills, kilograms of heroin, and hundreds of firearms.

## SUMMARY OF PROBABLE CAUSE

### Summary of DEA Investigation of El Pariente DTO.

10. In February 2022, DEA agents met with CS-1 in order to discuss a DTO operating out of Sinaloa, Mexico. CS-1 told agents the group used semi-tractor trailers to transport drugs from Mexico to multiple cities in Washington, including Tacoma, Kent, Yakima, and Spokane. CS-1 said each tractor trailer transported a specific drug, for instance, methamphetamine, heroin, fentanyl, or cocaine, and there was also a designated tractor trailer to pick up drug proceeds. CS-1 said the boss and source of supply is known as "El Pariente" and he had multiple cells operating in Washington. CS-1 also believed the group had cells in multiple states, including Colorado, Arizona, Texas, and California. CS-1 said that CS-1 typically talked with El Pariente directly, typically on the WhatsApp application, and said it would be possible to set up controlled buys with "El Pariente's" local couriers.

11. Through October 2022, agents have conducted five controlled buys, each arranged through "El Pariente," in which drugs were delivered by couriers. Through these

Affidavit of Special Agent David Chirdon
USAO # 2022R00849 (Target Vehicle 7)

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

controlled buys, agents obtained a total of approximately nine pounds of methamphetamine and two thousand suspected fentanyl pills. In addition to these controlled buys, in late March 2022, agents in Oregon recovered approximately twenty-three pounds of methamphetamine and over forty thousand suspected fentanyl pills from a suspected courier of "El Pariente." Additionally, in July 2022 agents conducted a search warrant in Lynnwood, Washington, and seized another five pounds of methamphetamine, approximately 25,000 fentanyl pills, and smaller amounts of heroin. Finally, on November 22, 2022, agents conducted a search warrant in Tukwila, Washington, and recovered approximately 140,000 suspected fentanyl pills (including packages containing multi-colored pills and blue M30s); 1,368 grams of suspected fentanyl powder, 7,726 grams of methamphetamine, one stolen firearm, approximately $25,000 in bulk U.S. Currency, and one 2017 Dodge Charger. Between the seizures and controlled purchases described above, approximately fifty-six pounds of methamphetamine, approximately three pounds of heroin, and over two-hundred thousand fentanyl pills have been seized during the investigation involving "El Pariente."

### *December 2022 Controlled Buy and Identification of the Target Vehicle*

12. In December 2022, agents from the DEA's Tacoma Resident Office conducted a sixth controlled buy in this investigation. Agents met with CS-3 at a predetermined location and searched CS-3's person and vehicle for any drugs, money, weapons or contraband with negative results. At this time, the CS-3 made a recorded phone call, in the presence of agents, to a drug trafficker known to CS-3 and agents as "El Pariente," at the WhatsApp account associated with Mexican phone number 52-662-937-7659, and ordered a quantity of methamphetamine. "El Pariente" set the price and CS-3 agreed. "El Pariente" advised CS-3 that an associate, referred to by "El Pariente" as "Chicho," would have a local courier contact CS-3 and set a meeting time and place for the deal.

Affidavit of Special Agent David Chirdon
USAO # 2022R00849 (Target Vehicle 7)

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

13. A short time later, consistent with "El Pariente's" statements, CS-3 received text messages and several phone calls from (360) 916-9377 (further referred to as Target Telephone 15, or TT15). Through these calls and messages, the user of TT15 agreed with CS-3 on a meeting location in Tacoma, Washington, where the methamphetamine purchase would take place. At this time, Agents provided CS-3 with money for the purchase of methamphetamine, final instructions, and a listening and recording device for the deal. CS-3 departed the meeting location and agents followed. From this point forward, CS-3 was under continuous surveillance by agents until the conclusion of the deal.

14. Upon arriving to the agreed-upon location in Tacoma, Washington, CS-3 contacted the user of TT15 and informed the user that he/she had arrived. The user of TT15 advised CS-3 that another individual would be contacting CS-3 shortly. A few minutes later, CS-3 received a phone call from (360) 442-1454 (further referred to as Target Telephone 16, or TT16). The user of TT16 told CS-3 that he was driving a white SUV and asked CS-3 to follow it when he arrived, and CS-3 agreed.

15. A white 2019 Chevrolet Equinox bearing no license plates (further referred to as Target Vehicle 6, or TV6) arrived and parked near CS-3's vehicle. Agents observed both CS-3 and TV6 drive around the block in tandem, then park on an adjacent street. Immediately after, CS-3 walked to TV6 and entered the front passenger door of TV6.

16. A few minutes later, CS-3 exited TV6 and returned to his/her vehicle. TV6 left the deal location and agents followed. CS-3 departed and again met with agents at a predetermined location.

17. Agents took possession of a large green plastic bag containing two clear Ziploc bags, which contained a white/clear crystalline substance, consistent with methamphetamine. CS-3 and the vehicle were again searched by agents for any drugs, money, weapons or contraband with negative results. During the debrief, CS-3 described

Affidavit of Special Agent David Chirdon
USAO # 2022R00849 (Target Vehicle 7)

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

the courier (the driver of TV6, believed to be the user of TT16) as a dark-skinned Hispanic male, approximately 32-35 years of age with dark-colored hair.

18. After the deal, agents witnessed TV6 park at the Royal Pacific Apartments, located at 7645 Pacific Ave, Tacoma, WA 98408, and watched the driver, who matched the description given by CS-3, exit TV6 and walk into the apartment building. The exact apartment was unable to be determined because of obstructions.

19. While still under surveillance, TV6 left 7645 Pacific Avenue and drove to 1514 73rd Street in Tacoma for a short time, and then left the location. Agents continued surveillance on TV6 and coordinated a traffic stop with a marked patrol car in order to identify the driver. The officer in the marked patrol car observed a traffic violation, and activated his emergency red and blue lights to pull over TV6. The driver of TV6 identified himself as JONATHAN YASIR VEGA RAMIREZ by providing his Sinaloa, Mexico Driver's license. VEGA RAMIREZ was released with a verbal warning.

20. Investigators determined that TT15 and TT16 are listed as having the same subscriber information. In my training and experience, this is a common tactic of drug traffickers used to thwart law enforcement and disguise their identity. In my experience, I and other law enforcement officers conducting similar investigations have witnessed members of suspected DTOs utilize a common subscriber for various cellular devices within their organization that are used by separate individuals. In this situation, CS-3 spoke with the users of both TT15 and TT16 while in the presence of agents.

21. I believe that because of the events that took place on this day, the unknown involved parties using TT15, TT16, and TV6, are coconspirators of the El Pariente DTO and coordinated the delivery of suspected methamphetamine to a DEA CS. I believe that these individuals will continue to use TT15, TT16 and TV6 to distribute drugs on behalf of the El Pariente DTO in western Washington and elsewhere.

Affidavit of Special Agent David Chirdon
USAO # 2022R00849 (Target Vehicle 7)

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  22. On January 6, 2023, United States Magistrate Judge J. Richard Creatura signed a search warrant authorizing the collection of GPS location information for TT15 and TT16.

### January 10, 2023 Surveillance and Identification of Target Vehicle 7 (TV7)

23. In January of 2023, agents from the DEA Tacoma Resident Office conducted surveillance of JONATHAN YASIR VEGA RAMIREZ, the user of Target Telephone 16 (TT16). Via a surveillance camera, agents observed a black Jeep Cherokee bearing temporary tag number 0935505 (further referred to as Target Vehicle 7, or TV7) enter the parking lot of the suspected residence of VEGA RAMIREZ, the "Royal Pacific Apartments" located at 7645 Pacific Ave., Tacoma, WA 98408. A grey Honda Accord also entered the parking lot. Agents observed two unidentified males each exit the respective driver's seats of TV7 and the grey Honda Accord. Agents also witnessed a male matching the description of VEGA RAMIREZ approach from the direction of the apartment building and engage in conversation with the two unidentified males in the parking lot in the immediate vicinity of TV6. Agents witnessed VEGA RAMIREZ enter the driver's seat of TV6 and the unknown male driver of the grey Honda Accord enter the passenger's seat of TV6 after relocating the grey Honda Accord to the spot formerly occupied by TV6. Agents saw the third unidentified male walk towards TV7; however, he was not seen entering TV7. Shortly thereafter, TV6 departed 7645 Pacific Ave., driven by VEGA RAMIREZ. Agents later located TV6 parked in front of 1514 73rd St., Tacoma, where they began physical surveillance. While conducting physical surveillance at that location, agents observed VEGA RAMIREZ's phone geolocation data moving south along Interstate 5 (I-5) toward Portland, despite TV6 still being under observation and parked at 1514 73rd Street. Agents also noted at this time that the grey Honda Accord was still parked in the lot at 7645 Pacific Avenue, but TV7 was no longer in the parking lot. Agents believed based on the sequence of events, that VEGA RAMIREZ had switched from TV6 to TV7 at 1514 73rd Street, prior to agents locating TV6 at that

Affidavit of Special Agent David Chirdon
USAO # 2022R00849 (Target Vehicle 7)

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

location. Agents then observed that the location information for TT16 showed it traveling to the area of Lincoln City Park in Portland, Oregon, where it remained for approximately 10 minutes before beginning to travel northbound toward Tacoma. Based on my training and experience, I know that drug traffickers will typically take trips of a significant length with a very short time at the destination in order to replenish their drug supply, and this was indicative of such a trip. Agents tracked TT16 back to 7645 Pacific Avenue, the suspected residence of VEGA RAMIREZ, where they observed TV7 parked in the spot marked "reserved," heretofore occupied by, and associated with, TV6. The return of TV7 to 7645 Pacific Avenue coincided with the geolocation data for VEGA RAMIREZ showing him back at the address.

24. The following day, agents observed TV7 park in front of 1514 73rd Street, where they observed VEGA RAMIREZ exit the vehicle and begin to approach TV6 before returning to the driver's seat of TV7 and driving to Milwaukie, Oregon, where agents with the Joint Narcotics Task Force (JNET) observed TV7 briefly meet with a blue Dodge Charger bearing Orgeon state license plate 825NXE. A records check, followed by deconfliction check of Oregon state license plate 825NXE, determined that the registered address of the blue Dodge Charger is 2088 SE Pinelane Street, Milwaukie, OR 97267. Agents talked to a detective from the Multnomah County Sheriff's Department, who was the point of contact for a Western States Information Network (WSIN) deconfliction hit, who informed agents that Multnomah County had previously served a search warrant at 2088 SE Pinelane Street, and recovered heroin in significant quantities. Furthermore, the detective from Multnomah County informed agents that they had discovered a stash house at 2088 SE Pinelane Street based on the fact that the DTO they were investigating had been registering vehicles to that address.

### *January 23, 2023 Surveillance and Identification of Target Vehicle 8 (TV8)*

25. In January of 2023, agents from the DEA Tacoma Resident Office conducted surveillance of JONATHAN YASIR VEGA RAMIREZ, the user of TT16,

Affidavit of Special Agent David Chirdon
USAO # 2022R00849 (Target Vehicle 7)

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

TV6 and TV7. On January 23, 2023, agents were monitoring tracker data from TV7 and witnessed TV7 making a trip to Portland, Oregon early in the day. Based on my training and experience, I know it is common for drug traffickers to make frequent trips of short duration to further their illicit activities in either picking up or dropping off drugs or proceeds from the sale of illegal drugs. During the period of collection of location data for TT16, TV6, and TV7, the location data appears to indicate that VEGA RAMIREZ has travelled to Portland, Oregon multiple times, each time returning to Tacoma after briefly visiting various locations in or around Portland. Furthermore, on one of these trips (discussed in paragraph 24, above), agents witnessed VEGA RAMIREZ meet with a vehicle for a short period of time, and I later learned from law enforcement sources that the address to which that vehicle was registered had been the subject of a search warrant during which large amounts of heroin were located in the residence. Additionally, agents researched the registered owner of the vehicle that had met with VEGA RAMIREZ, who was determined to be ERNESTO FABRICIO GALEAS RODRIGUEZ. Agents discovered that GALEAS RODRIGUEZ had been arrested in Colorado by the Northern Colorado Drug Task Force in late November 2022 for drug trafficking. In light of this trip by VEGA RAMIREZ, agents began surveillance of the known residence of VEGA RAMIREZ at 7645 Pacific Avenue, Tacoma, WA 98408 and 1514 73rd Street, Tacoma, WA 98408, where agents had previously seen VEGA RAMIREZ visit after selling CS-3 two pounds of methamphetamine, and on other occasions before suspected illegal activity. Upon returning to the Tacoma area from Portland on January 23, 2023, agents witnessed TV7 arrive at the Pacific Avenue residence of VEGA RAMIREZ and saw VEGA RAMIREZ exit the vehicle and enter his apartment building. After a short amount of time, agents saw VEGA RAMIREZ drive away from the apartments and to 1514 73rd Street, where agents witnessed TV7 park directly behind TV6. After only a few minutes, a grey Honda Accord bearing Sonora, Mexico license plate number VUW-622-B (further referred to as **Target Vehicle 8**, or **TV8**) park behind TV7, which still contained VEGA

Affidavit of Special Agent David Chirdon
USAO # 2022R00849 (Target Vehicle 7)

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

RAMIREZ who had remained inside the vehicle. An unknown Hispanic male (UM) exited the passenger seat of **TV8**, and approached the driver's door of TV7. Agents saw the door of TV7 open and the UM disappeared from the agent's view. After less than two minutes, the door reopened and the UM returned to the passenger seat of **TV8**. Both vehicles departed simultaneously. Based on my training, experience, and knowledge of this investigation, this appeared to be a surreptitious meeting of the same nature as is consistent with narcotics trafficking activities in general, and with narcotics transactions that have been conducted in this investigation.

26. Agents followed the **TV8** to the Holiday Inn and Suites located at 8402 S Hosmer St, Tacoma, WA 98444. Agents interviewed the front desk agent, who was able to identify the user of TV8 as Berenice QUINONES based on the vehicle description and plate number that QUINONES had provided to hotel staff. The front desk agent also told agents that QUINONES was travelling with a Hispanic male as well. In researching vehicle border crossings, **TV8** has been recorded crossing the border from Mexico to the United States on a monthly basis, at near-regular intervals. Records of the crossings show that the vehicle was occupied on those occasions by JESUS DANIEL ZAVALA JR (in three of the crossings), and MARIA LORETO ROMERO QUEZEDA (on one of the crossings). Based on my training and experience, I know that the aforementioned behaviors are consistent with conduct common among drug traffickers and with the tactics used to smuggle contraband into the United States on a regular basis while evading suspicion by law enforcement.

27. Based on the foregoing, I respectfully submit there is probable cause to believe that ZAVALA JR and/or ROMERO QUEZEDA and/or others are using **TV8** in furtherance of drug trafficking, including violations of Title 21 of the United States Code. Installing a tracking device and obtaining real time GPS tracking data on the location of the Target Vehicle is necessary and appropriate to aid the investigation of this drug trafficking organization. This application is part of an ongoing investigation into DTO

Affidavit of Special Agent David Chirdon
USAO # 2022R00849 (Target Vehicle 7)

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

members and associates, both known and unknown. "Real time" GPS data on the Target Vehicle would assist investigators in identifying DTO associates, their residences, and possibly any stash location(s) used to store controlled substances. Investigators would be able to easily locate the Target Vehicle in order to conduct surveillance, which could lead to identifying other co-conspirators and/or sources of supply. Accordingly, there is probable cause to believe that tracking the Target Vehicle will reveal evidence, fruits, and instrumentalities of Title 21, United States Code, Sections 841 and 846.

28. I respectfully request that the Court issue a warrant authorizing members of the DEA, or their authorized representatives, including but not limited to other law enforcement agents and technicians assisting in the above-described investigation, to install a tracking device in or on the Target Vehicle within the Western District of Washington within 10 days of the issuance of the requested warrant, and to remove said tracking device from the suspect vehicles after the use of tracking devices has ended; to surreptitiously enter 8402 S Hosmer St, Tacoma, WA 98444, where the Target Vehicle may be parked, and/or move the Target Vehicle to effect the installation, repair, replacement, and removal of the tracking device; and to monitor the tracking device, for a period of 45 days following the issuance of the warrant, including when the tracking device is inside private garages and other locations not open to the public or visual surveillance, both within and outside the Western District of Washington.

29. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 90 days after the collection authorized by the warrant has been completed. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the person(s) using the Target Vehicle would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify

Affidavit of Special Agent David Chirdon
USAO # 2022R00849 (Target Vehicle 7)

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2). Additionally, if necessary, I may request that the Court, upon a showing of good cause, order a further delay of the time permitted to serve notice, if necessary to protect the safety of any individual, avoid flight or destruction of evidence, and ensure that the investigation is not jeopardized prior to its completion.

30. I further request that the Court authorize execution of the warrant (i.e., installation, monitoring, and removal) at any time of day or night, owing to the potential need to locate the Target Vehicle outside of daytime hours.

31. I further request that the Court order that all papers in support of this application, including the Affidavit and Tracking Warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the invesstigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

David Chirdon  
Special Agent  
Drug Enforcement Administration

*Digitally signed by DAVID CHIRDON Date: 2023.01.23 18:17:17 -08'00'*

The above-named agent provided a sworn statement to the truth of the foregoing affidavit by telephone on the __23rd__ day of January, 2023.

S. KATE VAUGHAN  
United States Magistrate Judge

Affidavit of Special Agent David Chirdon  
USAO # 2022R00849 (Target Vehicle 7)

UNITED STATES ATTORNEY  
1201 PACIFIC AVE., SUITE 700  
TACOMA, WASHINGTON 98402  
(253) 428-3800

# ATTACHMENT A

This warrant shall authorize agents with the Drug Enforcement Administration and other law enforcement agents/officers/technicians working with them, to place an autonomous GPS tracking device on the Target Vehicle described below:

**Target Vehicle 8 (TV8)**: A grey 2010 Honda Accord, Vehicle Identification Number 5KBCP3675AB801056, bearing Sonora, Mexico plate number VUW-622-B, registration information unknown.

Agents are authorized to:
a. install, remove, monitor, repair, or adjust an electronic tracking device on or within the Target Vehicle at any time of the day or night;
b. if necessary to protect the safety of persons installing, removing, monitoring, repairing, or adjusting the electronic tracking device, or to protect the integrity of the investigation, surreptitiously enter the Target Vehicle at any time of the day or night, and move the subject vehicle from one location to another for the purpose of installing, removing, monitoring, repairing, or adjusting the device;
c. surreptitiously re-enter the Target Vehicle at any time of the day or night, for the purpose of installing, removing, monitoring repairing, or adjusting the device;
d. continuously monitor any and all signals emitted from the device, including when the Target Vehicle enters any structure or private property in which there may be a reasonable expectation of privacy; and
e. move one or more tracker back and forth between Target Vehicle during the authorized tracking period as surveillance suggests would be most productive, with "execution" of the warrant having been accomplished if at least one tracker is installed on one Target Vehicle within ten days of issuance of the warrant.

**Private Property**
In addition to entering the Target Vehicle, agents may surreptitiously enter all driveways, roadways, parking areas (including any enclosed garage structure), and other places where the Target Vehicle may be parked at the following locations, in order to access the above-described vehicle pursuant to the warrant, at any time of the day or night:

8402 S Hosmer St, Tacoma, WA 98444

This authorization continues in any jurisdiction where the Target Vehicle may move for a period not to exceed forty-five (45) days.

ATTACHMENT A